IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MATTHEW THOMPSON,                                        CV. 06-220-MA

           Petitioner,                            OPINION AND ORDER

  v.

STAN CZERNIAK,

           Respondent.

TODD H. GROVER
143 S.W. Shevlin-Hixon Drive, Suite 203
Bend, Oregon 97702

    Attorney for Petitioner

JOHN R. KROGER
Attorney General
ANDREW HALLMAN
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

    Attorneys for Respondent

MARSH, Judge

    Petitioner Matthew Thompson, an inmate at the Oregon State Penitentiary, brings this habeas corpus proceeding pursuant to 28

1 - OPINION AND ORDER

U.S.C. § 2254.  For the reasons set forth below, the petition is denied, and this proceeding is dismissed.

**BACKGROUND**

The events underlying this action occurred while petitioner was incarcerated at the Oregon State Penitentiary in Salem, Oregon. Petitioner is serving a death sentence for his 1996 convictions for Aggravated Murder, Felony Murder, Murder, and Burglary in the First Degree.  On December 20, 1999, corrections officers were moving petitioner from his cell on death row to a cell in the disciplinary segregation unit.  During the move, petitioner's hands were shackled behind his back.  Officer David Ramseyer complained that while moving petitioner, petitioner intentionally coughed at him, causing phlegm to land on his cheek.

As a result of this incident, petitioner was indicted in Marion County Circuit Court of Assault in the Third Degree pursuant to O.R.S. § 163.165.  Following a bench trial, petitioner was convicted and sentenced to 25 months, to be served consecutive to his death sentence, with 24 months post-prison supervision.

Petitioner directly appealed his conviction.  The Oregon Court of Appeals entered an Order of Dismissal for want of prosecution because an opening brief was never filed.  (Resp. Ex. 102.) Petitioner did not seek review in the Oregon Supreme Court.

Petitioner then sought post-conviction relief (PCR) in Marion County Circuit Court.  The PCR court denied relief.  On appeal, the

2 - OPINION AND ORDER

Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Thompson v. Czerniak, 196 Or. App. 81, 101 P.3d 370 (2004), rev. denied, 338 Or. 17 (2005).

## DISCUSSION

On February 13, 2006, petitioner filed his petition for writ of habeas corpus in this court alleging multiple claims for relief. Respondent moves to deny all relief because petitioner's claims are time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). Petitioner does not dispute that his claims are untimely. Nevertheless, petitioner submits that the merits of his claims should be considered for two reasons: (1) the statute of limitations should be equitably tolled; and (2) a fundamental miscarriage of justice will occur because he is actually innocent.

I.  **The Petition is Untimely.**

The parties do not dispute that petitioner did not timely file his federal habeas petition, and they are correct. The AEDPA provides for a one year statute of limitations to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under the statute, the one year period begins to run from the date the judgment becomes final at the conclusion of direct review "or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). As the Ninth Circuit has recognized, a direct appeal becomes final upon the expiration of the time for seeking

3 - OPINION AND ORDER

review in the relevant state supreme court.  Hemmerle v. Schriro, 495 F.3d 1069, 1073-74 (9th Cir. 2007), cert. denied, 129 S. Ct. 33 (2008).  The limitations period is tolled during the pendency of a properly filed state post-conviction proceeding or other collateral review.  28 U.S.C. § 2244(d)(2); Lee v. Lampert, 610 F.3d 1125, 1127 (9th Cir. 2010).

In this case, the Oregon Court of Appeals issued its dismissal of petitioner's direct appeal on March 21, 2001.  (Resp. Ex. 102.)  Petitioner's time for seeking review in the Oregon Supreme Court expired 35 days later, on April 26, 2001.  Or.R.App.Pro. 9.05(a)(2) (petitions for review must be filed "within 35 days after the date of the decision of the Court of Appeals"); Hemmerle, 495 F.3d at 1074.  Thus, petitioner's one-year AEDPA statute of limitations began to run on April 26, 2001.

Petitioner filed for state post-conviction relief on May 12, 2002, allowing 380 days to accrue on the statute of limitations.  The PCR court denied relief, as did the appellate courts.  (Resp. Exs. 114-116.)  The appellate judgment from petitioner's post-conviction appeal issued on March 16, 2005.  (Resp. Ex. 104.)  Petitioner filed the instant habeas corpus action nearly nine months later, on February 13, 2006, accruing an additional 334 days on the statute of limitations clock.  In sum, petitioner waited 714 days before filing his federal habeas corpus petition, far

4 - OPINION AND ORDER

exceeding the 365 day limit under § 2244(d)(1). Accordingly, petitioner's federal habeas corpus petition is untimely.

## II. **Petitioner Has Not Demonstrated That Equitable Tolling Is Justified**.

### A. **Standards**.

The United States Supreme Court recently determined that "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. 2549, 2560 (June 14, 2010). To receive equitable tolling, a petitioner must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)(internal quotations and citations omitted); accord Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A petitioner also must show that the extraordinary circumstances were the cause of his untimeliness and made it impossible to timely file his petition. Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied, 549 U.S. 1317 (2007).

### B. **Analysis**.

Petitioner asserts that he is entitled to equitable tolling from April 26, 2001 to May 12, 2002--the 380 days between his direct appeal becoming final and the filing of his state PCR proceeding. According to petitioner, he was diligently pursuing

5 - OPINION AND ORDER

his rights because he was prosecuting a state habeas action arising from the same events. Petitioner maintains that his appellate attorney on direct appeal, Tomina Carter, failed to file a brief in the Oregon Court of Appeals or inform him that his direct appeal had been dismissed until after the time for filing a petition for review had passed, and that these extraordinary circumstances prevented him from pursuing his rights. Petitioner has failed to meet his burden on either element of equitable tolling.

Contrary to petitioner's assertion, the state habeas action petitioner filed in Marion County Circuit Court, Case No. 01C-10023, does not involve the same action as the case at hand. (Pet. Ex. 12.) Indeed, petitioner raised new claims in that state habeas action. In Case No. 01C-10023, petitioner challenged his placement in the Intensive Management Unit (IMU), and alleged that corrections staff taunted, harassed, and assaulted him, causing him pain and emotional suffering. (<u>Id.</u> at p. 2-3.) In contrast, the current petition alleges that petitioner was denied the right to a jury trial and to confront witnesses, and that he received ineffective assistance of counsel during the trial for assaulting Officer Ramseyer. While petitioner may have been placed in the IMU as a result of his actions against Officer Ramseyer, Case No. 01C-10023 simply does not raise the claims asserted in his direct

Case 3:06-cv-00220-MA   Document 106   Filed 11/23/10   Page 7 of 11

appeal or post-conviction proceeding which form the basis of his current *federal* habeas petition.

Additionally, petitioner provides no evidence as to *when* he learned of the dismissal of his direct appeal, only that it was "too late to do anything about it." (Pet. Ex. 11 p. 2.)  To be sure, the Oregon Court of Appeals dismissed his appeal on March 21, 2001, and the appellate judgment was entered on May 14, 2001. Petitioner does not provide any evidence as to what steps, if any, he took to ascertain the status of his direct appeal from either Ms. Carter or the court.  And, petitioner provides no evidence as to how soon after learning of the dismissal that he filed his state PCR proceeding one year later.  In short, petitioner has failed to meet his burden of demonstrating that he was diligently pursuing his federal habeas rights.  See Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

Petitioner also fails to establish that the alleged misconduct of Ms. Carter constitutes extraordinary circumstances.  Ordinary attorney negligence will not justify equitable tolling, but "where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling." Spitsyn, 345 F.3d at 800.

Aside from petitioner's self-serving assertions, petitioner presents no evidence from which this court can conclude that Ms.

7 - OPINION AND ORDER

Carter's conduct was sufficiently egregious to warrant equitable tolling.  Cf. Spitsyn, 345 F.3d at 801 (finding extraordinary circumstances where attorney failed to file habeas petition where the petitioner and his mother made numerous contacts in writing and by telephone, and attorney retained the file for the entire limitations period despite attempts to obtain it).  In this case, although petitioner alleges that he corresponded with Ms. Carter, he fails to offer any letters to or from Ms. Carter, or even provide the dates of his purported contacts.  Notably, petitioner does not allege that he attempted to contact Ms. Carter upon learning of the dismissal, or indicate the date that he learned of the dismissal. (Pet. Ex. 11, p. 2-3.)  Other than Ms. Carter's alleged failure to keep him informed of the status of his case, petitioner does not complain of any actions by Ms. Carter that prevented him from filing his federal habeas petition.

Furthermore, despite the allegedly egregious errors committed by Ms. Carter, petitioner did not assert an ineffective assistance of counsel claim about Ms. Carter's representation in his state post-conviction proceeding.  Petitioner complains of Ms. Carter's actions for the first time in his belated federal habeas petition.  Petitioner's unsupported statements simply do not establish that Ms. Carter's actions were sufficiently egregious to satisfy his burden.  Raspberry, 448 F.3d at 1153; Frye v. Hickman, 273 F.3d

8 - OPINION AND ORDER

1144, 1146 (9th Cir. 2001), cert. denied, 535 U.S. 1055 (2002)(counsel's miscalculation of time period and general negligence do not constitute extraordinary circumstances).  Thus, based on the record before me, I conclude that petitioner has not demonstrated extraordinary circumstances beyond petitioner's control warranting equitable tolling.[1]

Petitioner also asserts that the statute of limitations should be equitably tolled because the attorney obtained to assist him in filing the current federal habeas petition, Renee Manes, inaccurately calculated the time remaining for filing his petition currently pending before the court.  Petitioner argues that Ms. Manes affirmatively misled him when he received a letter from Ms. Manes on May 23, 2005, in which she assured petitioner that he had a few months to prepare his federal habeas case and file it. (Pet. Ex. 6, p. 3.)

Ms. Manes' actions do not entitle petitioner to equitable tolling.  As respondent correctly notes, 380 days lapsed between the conclusion of petitioner's direct appeal on April 26, 2001 and the filing of his state PCR action on May 12, 2002.  Because the

---

[1]Because petitioner has not alleged facts which, if true, demonstrate his diligence or extraordinary circumstances, an evidentiary hearing is not warranted.  Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied, 549 U.S. 1317 (2007)(petitioner entitled to evidentiary hearing if he makes good-faith allegations that would, if true, entitle him to equitable tolling).

one year statute of limitations expired before petitioner sought state post-conviction relief, Ms. Manes clearly could not have caused his untimeliness.

However, even if the time frame between completion of his state PCR proceeding and the filing of this action were relevant, petitioner has failed to demonstrate extraordinary circumstances. The actions of Ms. Manes in miscalculating the limitations period and so informing petitioner do not constitute extraordinary circumstances sufficient to warrant equitable tolling. See Frye, 273 F.3d at 1146 (miscalculation of limitations period and general negligence is not extraordinary circumstances); Miranda v. Castro, 292 F.3d 1063, 1066-68 (9th Cir. 2002), cert. denied, 537 U.S. 1003 (2002)(same); accord Lawrence v. Florida, 549 U.S. 327, 336-37 (2007)("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no right to counsel.").

### III. **Actual Innocence Is Not An Exception to § 2244(d).**

Petitioner maintains that despite the untimeliness of his federal habeas petition, the court should nevertheless reach the merits of his claims because he can make a showing of actual innocence, pursuant to Schlup v. Delo, 513 U.S. 298, 315 (1995). The Ninth Circuit recently has foreclosed petitioner's argument. Lee v. Lampert, 610 F.3d 1125, 1130-31 (9th Cir. 2010). In Lee,

the Ninth Circuit determined that a plain reading of § 2244(d) indicates that Congress did not intend to provide an actual innocence exception to the statute of limitations.  Id. at 1133.  Therefore, because there is no Schlup actual innocence exception to override the AEDPA one year statute of limitations, petitioner's habeas petition is time-barred and must be dismissed.   Id.

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#1) is DENIED, and this proceeding is DISMISSED, with prejudice.

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.  See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this _23_ day of NOVEMBER, 2010.

/s/  Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge

11 - OPINION AND ORDER